UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEB INVESTMENT MANAGEMENT AB, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>SYMANTEC CORPORATION and GREGORY S. CLARK,<br><br>  Defendants. | No. C 18-02902 WHA<br><br>**ORDER RE REQUESTS TO PROCEED PSEUDONYMOUSLY** |

Two non-party witnesses seek leave to proceed under monikers, "FE1" and "FE2," to preserve their privacy. Unusual circumstances, the particularities of the subject matter, and the lack of prejudice to defendants (who most likely already know the non-party witness' identities) weigh in movants' favor. Leave is **GRANTED**, to the extent stated below. This order does not, however, decide FE1 and FE2's requests for sealing their responses to other parties' administrative motions to seal.

In general, the public has every right to inspect court records. *See Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 597 (1978). Our court of appeals has established a strong presumption in favor of access. Public confidence in the administration of justice rests on accountability — knowing to whom courts afford relief, against whom judgments run, and

why. *See Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1096–97 (9th Cir. 2016), citing *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995).

When necessary, however, courts must weigh personal harm against the value of public scrutiny. Courts may seal select records, such as those tending to spite, scandalize, or irreparably harm. *See id.* at 1097. And, relevant for our purposes, both the United States Supreme Court and our court of appeals have long recognized the need for certain parties to proceed pseudonymously where identification might subject one to "harassment, injury, ridicule or personal embarrassment," such as an inmate cooperating as a witness, a mother bringing an Establishment Clause claim in a small town, or, famously, a woman seeking an abortion. *See United States v. Doe*, 655 F.2d 920, 922 fn. 1 (9th Cir. 1980); *e.g.*, *Doe v. Madison School Dist. No. 321*, 147 F.3d 832 (9th Cir. 1998); *Roe v. Wade*, 410 U.S. 113 (1973).

In *Does I thru XXIII v. Advanced Textile Corporation*, 214 F.3d 1058 (9th Cir. 2000), our court of appeals permitted textile-factory workers in Saipan, who feared deportation to and imprisonment upon arrival in China, to sue pseudonymously for wage and hour violations and articulated the standard for evaluating requests to obscure a party's name. "[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068–69. Courts balance the severity of, the party's vulnerability to, and the reasonable proximity of the threatened harm against any prejudice to the opposing party and public interest in disclosure. *Ibid.*

The standard applicable to *non*parties does not clearly differ from the standard for parties. Nor do FE1 or FE2 suggest otherwise. Our court of appeals has maintained anonymity for both nonparties and parties. For example, in a federal criminal matter at our court of appeals, a decision concealed the identities of the minor defendant, his parents, a Tribal Administrator, and indeed of the Washington state tribe itself. *See United States v. Indian Boy X*, 565 F.2d 585, 588 (9th Cir. 1977). In another matter, our court of appeals recognized the need for anonymity for a defendant-appellant and his co-offender. The defendant-appellant was serving

a long prison sentence, so the "unusual case" warranted anonymity due to a "risk of harassment, ridicule," most relevant there, "injury, or personal embarrassment." *United States v. Doe*, 655 F.2d 920, 922 n. 1 (9th Cir. 1980).

This order finds that FE1 and FE2 may proceed by these monikers at this stage. *First*, there will be no prejudice to the defendants, who likely know the parties' identities and have subpoenaed their testimony already. *Second,* FE1 and FE2 articulate reasonably proximate and significant harms should their identity be disclosed. FE1 and FE2 work in a relatively close-knit business community. As whistleblowers at a technology company, they reasonably claim that current and future employers could learn about their prior whistleblowing. Those companies could plausibly fire FE1 or FE2 or hire others due to this publicity.

*Third*, this order notes that the public — and justice — would suffer if courts fail to protect whistleblowers from the possibility of retaliation for reporting information, both internally and to the SEC, *etc*. Without reaching the merits of FE1 and FE2s' allegations about defendants, this order finds that the law protects whistle-blowers so that the truth can continue to emerge. This matters. Reasonable minds may disagree about the actual degree of professional harm (or personal embarrassment), but we focus on whether a reasonable person would view the threat as credible. We do not evaluate the degree of threat. Our court of appeals found credible the unquestionably far-fetched threat of deportation from a territory of the United States and imprisonment in the People's Republic of China in retaliation for complaints against working conditions. *See Advanced Textile*, 214 F.3d at 1071–72. So too here. This order finds FE1 and FE2 face a reasonably credible threat of some professional harm.

*Fourth*, the threatened harm here for now outweighs the public interest in disclosure of FE1's and FE2's names. The public interest in disclosure here lies in reviewing the record that undergirds the orders in this action. A real interest lies, too, in the public's watchful eye on the credibility of the sources in that record. Confidential sources pose a small risk of lesser credibility. But, as our court of appeals recognized, "[t]he public also has an interest in seeing this case decided on the merits." *Advanced Textile*, 214 F.3d at 1073. Between full

3

transparency dissuading future suits and a moniker-laced decision on the merits, the public interest favors using with pseudonyms at this stage.

FE1 and FE2 may proceed by their monikers in all filings. Both parties shall please do the same. While the Court is aware of no filings containing FE1's or FE2's real names, counsel shall diligently review filings to ensure that any documents not under seal contain pseudonyms only.

In as much as the summary judgment motion herein has been stayed pending settlement, the identities of the confidential witnesses may remain secret, and they may continue to proceed with monikers FE1 and FE2. This is subject to change if the settlement craters.

To the extent stated above, the motions to proceed pseudonymously and the motions to file under seal by FE1 and FE2 are **GRANTED**.

**IT IS SO ORDERED.**

Dated: August 9, 2021.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE