UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SEB INVESTMENT MANAGEMENT AB, individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>   v.<br><br>SYMANTEC CORPORATION and GREGORY S. CLARK,<br><br>              Defendants. | Case No.  3:18-cv-02902-WHA<br><br>ECF CASE<br><br>[PROPOSED] ORDER PRELIMINARY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE<br><br>Dept.: Courtroom 12, 19th Floor<br>Judge: Honorable William Alsup |

WHEREAS, a securities class action is pending in this Court entitled *SEB Investment Management AB v. Symantec Corp., et al.,* Case No. C 18-02902-WHA (the "Action");

WHEREAS, by Order dated May 8, 2020, the Court certified the Action to proceed as a class action on behalf of all persons or entities who purchased or otherwise acquired publicly-traded common stock of Symantec Corporation ("Symantec") during the period from May 11, 2017, to August 2, 2018, inclusive (the "Class Period"), and who were damaged thereby,[1]

---

[1] The Class includes all persons or entities who purchased Symantec common stock contemporaneously with sales of Symantec common stock made or caused by Defendant Clark during the Class Period. Excluded from the Class by definition are Defendants; members of the Immediate Family of Defendant Clark; any person who was an officer or director of Symantec; any firm or entity in which any Defendant has or had a controlling interest; any person who participated in the wrongdoing alleged; Defendants' liability insurance carriers; any affiliates, parents, or subsidiaries of Symantec; all Symantec plans that are covered by ERISA; and the legal representatives, heirs, beneficiaries, successors-in interest, or assigns of any excluded person or entity, in their respective capacity as such.  Also excluded from the Class are: (i) the persons and entities who excluded themselves by submitting a request for exclusion from the Class by August 25, 2020 in connection with the Original Class Notice (as set forth on Appendix 1 to the Stipulation); (ii) the persons or entities who exclude themselves by submitting a request for exclusion from the Class by July 2, 2021 in connection with the Supplemental Class Notice; and (iii) any persons or entities who exclude themselves by submitting a request for exclusion in connection with the Settlement Notice, and the legal representatives, heirs, beneficiaries, successors-in interest, or assigns of such excluded persons or entities, in their respective capacity as such.

appointed SEB Investment Management AB as Lead Plaintiff for the Class, and appointed BLB&G as Class Counsel for the Class;

WHEREAS, by Order dated May 29, 2020, the Court approved the proposed form and content of the Original Class Notice to be disseminated to the Class Members to notify them of, among other things: (i) the Action pending against Defendants; (ii) the Court's certification of the Action to proceed as a class action on behalf of the Class; and (iii) their right to request to be excluded from the Class by August 25, 2020, the effect of remaining in the Class or requesting exclusion, and the requirements for requesting exclusion;

WHEREAS, the Original Class Notice was mailed beginning on June 19, 2020 to all potential Class Members who could be identified through reasonable effort, resulting in the mailing of over 126,000 copies of the Original Class Notice, and 49 requests for exclusion were received by August 25, 2020;

WHEREAS, in an Order dated April 20, 2021, the Court ordered that a supplemental notice be sent to potential Class Members (the "Supplemental Class Notice") to notify them of, among other things, a second opportunity to request to be excluded from the Class, and on April 24, 2021, approved the form and content of the Supplemental Class Notice, which provided Class Members with a second opportunity to request to be excluded from the Class by July 2, 2021;

WHEREAS, the Supplemental Class Notice was mailed beginning on May 7, 2021 to all potential Class Members who could be identified through reasonable effort, resulting in the mailing of over 162,800 copies of the Supplemental Class Notice, and 72 additional timely requests for exclusion were received;

WHEREAS, (a) SEB Investment Management AB ("Lead Plaintiff" or "SEB"), on behalf of itself and the Class; and (b) defendant Symantec Corporation, now known as NortonLifeLock Inc. ("Symantec") and defendant Gregory S. Clark ("Clark," and together with Symantec, "Defendants," and together with Lead Plaintiff, the "Parties") have determined to settle all claims asserted against Defendants in the Action with prejudice on the terms and conditions set forth in

the Stipulation and Agreement of Settlement dated June 8, 2021 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiff has made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.    **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Fairness Hearing to be conducted as described below.

2.    **Settlement Fairness Hearing** – The Court will hold a settlement hearing (the "Settlement Fairness Hearing") on February 10, 2022 at 11:00 a.m. Pacific time, either in person at the United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom 12 - 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, or by telephone or videoconference (in the discretion of the Court), for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an

award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Fairness Hearing shall be given to Class Members as set forth in paragraph 4 of this Order.

3.      The Court may adjourn the Settlement Fairness Hearing without further notice to the Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.  The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may decide to hold the Settlement Fairness Hearing by telephone or video conference without further notice to the Settlement Class.  Any Settlement Class Member (or his, her, or its counsel) who wishes to appear at the Settlement Fairness Hearing should consult the Court's docket and/or the settlement website for any change in date, time, or format of the hearing.

4.      **Retention of Claims Administrator and Manner of Giving Notice** – A.B. Data, Ltd. ("A.B. Data") was previously retained to supervise and administer the distribution of the Original Class Notice and Supplemental Class Notice and receive and process requests for exclusion from the Class.  Lead Counsel is now authorized to retain A.B. Data to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Fairness Hearing shall be given as follows:

(a) by no later than September 24, 2021, A.B. Data shall cause a copy of the Settlement Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Settlement Notice Packet"), to be mailed by first-class mail to all potential Class Members who were previously mailed a copy of the Original Class Notice or Supplemental Class Notice.  For all Settlement Notice Packets returned as undeliverable, A.B. Data shall search the National Change of Address Registry and resend within three business days of receiving the envelope back as undeliverable;

(b) by no later than September 24, 2021, A.B. Data shall post copies of the Settlement Notice and the Claim Form on the website previously established for the Action, www.SymantecSecuritiesLitigation.com, and Lead Counsel shall post copies of those documents on its website, www.blbglaw.com;

(c) by no later than October 8, 2021, A.B. Data shall cause the Summary Settlement Notice, substantially in the form attached hereto as Exhibit 3, to be published in *The Wall Street Journal* and *Financial Times* and to be transmitted over the *PR Newswire*; and

(d) by no later than February 3, 2022, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

5.       **Nominee Procedures** – In connection with the previously disseminated Class Notices, securities brokers and other nominees ("Nominees") were advised that, if they purchased or otherwise acquired Symantec common stock during the Class Period for the beneficial interest of persons or entities other than themselves, they must either:  (a) request from A.B. Data sufficient copies of the Class Notices to forward to all such beneficial owners and then forward those Class Notices to all such beneficial owners; or (b) provide a list of the names and addresses of all such beneficial owners to A.B. Data.

(a)       For Nominees who chose the first option (*i.e.*, elected to mail the Class Notices directly to beneficial owners), A.B. Data shall forward the same number of Settlement Notice Packets to such Nominees no later than September 24, 2021, and the Nominees shall, by no later than seven (7) calendar days after receipt of the Settlement Notice Packets, mail the Settlement Notice Packets to their beneficial owners;

(b)       For Nominees who chose the second option (*i.e.*, provided a list of names and addresses of beneficial holders to A.B. Data), A.B. Data shall, by no later than September 24, 2021, mail a copy of the Settlement Notice Packet to each of the beneficial owners whose names and addresses the Nominee previously supplied.  Unless the Nominee purchased or otherwise acquired Symantec common stock during the Class Period for beneficial owners whose names and

addresses were not previously provided to A.B. Data, or is aware of a name or address change of one of its beneficial owners, such Nominees need not take any further action;

(c)     For Nominees that purchased or otherwise acquired Symantec common stock during the Class Period for beneficial owners whose names and addresses were not previously provided to A.B. Data or if a Nominee is aware of name and address changes for beneficial owners whose names and addresses were previously provided to A.B. Data, such Nominees shall, by no later than October 8, 2021, provide a list of the names and addresses of all such beneficial owners to A.B. Data, or shall request from A.B. Data sufficient copies of the Settlement Notice Packet to forward to all such beneficial owners, which the Nominee shall, within seven (7) calendar days of receipt of the Settlement Notice Packets from A.B. Data (and no later than October 22, 2021), mail to the beneficial owners; and

(d)     Upon full and timely compliance with this Order, Nominees who mail the Settlement Notice Packets to beneficial owners may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing A.B. Data with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

6.     **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Settlement Notice, the Claim Form, and the Summary Settlement Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Settlement Notice and Claim Form and the publication of the Summary Settlement Notice in the manner and form set forth in paragraphs 4 and 5 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object

to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Settlement Notice and Summary Settlement Notice before they are mailed and published, respectively.

7.    **Participation in the Settlement** – Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be received or postmarked, if mailed, no later than 28 days after the Court enters an order finally approving the Settlement.  Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

8.    Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member must be included in the Claim Form

to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

9.      Any Class Member who does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any of the Released Plaintiff's Claims against any of the Defendants or the Defendants' Releasees, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 7 above.

10.      **Exclusion From the Class** – Any member of the Class who wishes to exclude himself, herself, themselves, or itself from the Class must request exclusion in writing within the time and in the manner set forth in the Settlement Notice, which shall provide that: (a) any such request for exclusion from the Class must be mailed or delivered such that it is received no later than January 13, 2022 at midnight Pacific Time, to:  *Symantec Securities Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd. P.O. Box 173001, Milwaukee, WI 53217, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Class in *SEB Investment Management AB v. Symantec Corp., et al.*, Case No. C 18-02902-WHA (N.D. Cal.)"; (iii) state whether the shares owned by the person requesting exclusion were owned in street name and, if so, by whom; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the

required information and is received within the time stated above, or is otherwise accepted by the Court.

11.     Any person or entity who or that timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class shall not be a Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, shall not be permitted to object, and shall not receive any payment out of the Net Settlement Fund.

12.     Any Class Member who or that does not timely and validly request exclusion from the Class in the manner stated in this Order (and did not previously submit a request for exclusion in response to the Original Class Notice or Supplemental Class Notice): (a) shall be deemed to have waived his, her, their, or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Settlement Notice.

13.     **Appearance and Objections at Settlement Hearing** – Any Class Member that does not request exclusion from the Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing a notice of appearance with the Court such that it is filed or postmarked no later than January 13, 2022 at midnight Pacific Time, or as the Court may otherwise direct.  Any Class Member who does not enter an appearance will be represented by Lead Counsel.

14.     Any Class Member that does not request exclusion from the Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and

show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court. Any written objection, together with copies of all other papers and briefs supporting the objection, must be mailed to the Class Action Clerk, United States District Court for the Northern District of California, at the address set forth below, or filed in person at any location of the United States District Court for the Northern District of California, such that it is filed or postmarked no later than January 13, 2022 at midnight Pacific Time.

United States District Court
Northern District of California
Class Action Clerk
Phillip Burton Federal Building & U.S. Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

15.    Any objections, filings, and other submissions by the objecting Class Member must clearly identify the case name and action number, *SEB Investment Management AB v. Symantec Corp., et al.*, Case No. C 18-02902-WHA (N.D. Cal.), and they must: (a) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) state whether the objector is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel; (c) contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (d) include documents sufficient to prove membership in the Class, consisting of documents showing the number of shares of public-traded Symantec common stock that the objector (i) owned as of the opening of trading on May 11, 2017, and (ii) purchased/acquired and/or sold during the Class Period (*i.e.*,

from May 11, 2017 through August 2, 2018, inclusive), as well as the dates, number of shares, and prices for each such purchase/acquisition and sale. Documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who enter an appearance and desire to present evidence at the Settlement Fairness Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

16. Any Class Member who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding. Class Members who object will still be bound by the Judgment and Court's orders even if the Court does not accept their objection(s). Class Members who object are still eligible to submit a Claim Form and receive payment under the Settlement if they submit an eligible claim.

17. **<u>Stay and Temporary Injunction</u>** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiff, and all other members of the Class, from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any and all of the Released Plaintiff's Claims against any of the Defendants or the Defendants' Releasees.

18.  **Settlement Administration Fees and Expenses** – All Notice and Administration Costs, including the reasonable costs incurred in identifying Class Members and notifying them of the Settlement as well as in administering the Settlement, shall be paid as set forth in the Stipulation.  However, and notwithstanding anything different or contrary in the Stipulation, no Notice and Administration Costs in excess of $415,000 shall be paid without prior approval of the Court.  In addition, pursuant to the terms of the Stipulation, any Notice and Administration Costs paid prior to the Settlement Hearing shall require Court approval.

19.  **Settlement Fund** – The contents of the Settlement Fund held by Citibank, N.A. (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

20.  **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

21.  **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action immediately prior to the execution of the Term Sheet on May 26, 2021, as provided in the Stipulation.

22.  **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in

connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount that could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.  Defendants' Releasees may file the Stipulation and/or the Judgment from this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement,

judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

23.    **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than December 30, 2021; and reply papers, if any, shall be filed and served no later than February 3, 2022

24.    The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this   16th   day of September, 2021.

_____
The Honorable William Alsup
Senior United States District Judge

#3036976

# Exhibit 1

Exhibit 1

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| SEB INVESTMENT MANAGEMENT AB, individually and on behalf of all other similarly situated, | |
| Plaintiffs, | |
| v. | |
| SYMANTEC CORPORATION and GREGORY S. CLARK, | |
| Defendants | |

**NOTICE OF (I) PROPOSED SETTLEMENT AND PLAN OF
ALLOCATION; (II) SETTLEMENT FAIRNESS HEARING; AND
(III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TO:** **All persons or entities who purchased or otherwise acquired publicly-traded Symantec
Corporation ("Symantec") common stock during the period from May 11, 2017, to August
2, 2018, inclusive (the "Class Period"), and who were damaged thereby (the "Class").**

_A Federal Court authorized this Notice.  This is not a solicitation from a lawyer._

**NOTICE OF SETTLEMENT:**  This notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California (the "Court"), Please be advised that Lead Plaintiff SEB Investment Management AB ("SEB or "Lead Plaintiff"), on behalf of itself and the Court-certified Class (as defined in ¶ 28 below), has reached a proposed settlement of the above-captioned securities class action lawsuit ("Action") for a total of $70,000,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement"). The terms and provisions of the Settlement are contained in the Stipulation and Agreement of Settlement, dated June 8, 2021 (the "Stipulation").[1]

This notice is directed to you in the belief that you may be a member of the Class if you purchased or otherwise acquired Symantec common stock during the Class Period.  If you do not meet the Class definition, or if you previously excluded yourself from the Class in connection with the Notice of Pendency of Class Action that was mailed to potential Class Members beginning in June 2020 (the "Original Class Notice") or the Supplemental Notice of Pendency of Class Action ("Supplemental Class Notice") that was mailed to potential Class Members beginning in May 2021, this notice does not apply to you.  A list of the persons and entities who previously requested exclusion from the Class is available at www.SymantecSecuritiesLitigation.com.

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.  The Stipulation is available at www.SymantecSecuritiesLitigation.com.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement. If you are a member of the Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, Symantec, the other Defendants in the Action, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 100 below).**

1.   **Description of the Action and the Class:** This Notice relates to a proposed settlement of claims in a pending securities class action brought by investors alleging, among other things, that Symantec and its former Chief Executive Officer Gregory S. Clark ("Clark" and, together with Symantec, "Defendants") violated the federal securities laws by making false and misleading statements concerning Symantec's financial results during the Class Period. A more detailed description of the Action is set forth in ¶¶ 11-27 below. The proposed Settlement, if approved by the Court, will settle claims of the Class, as defined in ¶ 28 below. Only people or entities who purchased or otherwise acquired Symantec common stock during the Class Period may be Class Members.

2.   **Statement of the Class's Recovery:** Subject to Court approval, Lead Plaintiff, on behalf of itself and the Class, has agreed to settle the Action in exchange for $70,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court. The proposed plan of allocation (the "Plan of Allocation") is set forth at pages 11 to 16 of this Notice. The Plan of Allocation will determine how the Net Settlement Fund shall be allocated among members of the Class.

3.   **Estimate of Average Amount of Recovery Per Share:** Based on Lead Plaintiff's damages expert's estimate of the number of shares of Symantec common stock purchased during the Class Period that may have been affected by the conduct at issue in the Action, and assuming that all Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) is $0.20 per affected share. Class Members should note, however, that the foregoing average recovery is only an estimate. Some Class Members may recover more or less than the estimated amount depending on, among other factors, when and at what prices they purchased or sold their shares, and the total number and value of valid Claim Forms submitted. Distributions to Class Members will be made based on the Plan of Allocation set forth at pages 11 to 16 or such other plan of allocation as may be ordered by the Court.

4.   **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share of Symantec common stock that would be recoverable if Lead Plaintiff were to prevail in the Action. Among other things, Defendants vigorously deny the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Class as a result of their alleged conduct.

5.   **Attorneys' Fees and Expenses Sought:** Lead Counsel, which has been prosecuting the Action on a wholly contingent basis, has not received any payment of attorneys' fees for their representation of the Class and have advanced the funds to pay expenses necessarily incurred to prosecute the Action. Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 19% of the Settlement Fund, or $13.3 million, plus interest. In addition, Lead Counsel will apply for payment of Litigation Expenses in connection with the institution, prosecution, and resolution of the Action in an amount not to exceed $2.5 million. The total Notice and Administration Costs are estimated to be $415,000. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses. The estimated average cost for such fees and expenses, if the Court approves Lead Counsel's fee and expense application, and including the Notice and Administrative Costs, is $0.05 per affected share. If the Court approves Lead Counsel's fee and expense application, and based on the current estimate of Notice and Administration Costs, the portion of the Settlement Fund that will be distributed to Class Members will be approximately $53,785,000, plus interest accrued.

6.  **Identification of Attorneys' Representatives:**  Lead Plaintiff and the Class are represented by Jeremy P. Robinson of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York, NY 10020, 1-800-380-8496, settlements@blbglaw.com.

7.  **Reasons for the Settlement:**  Lead Plaintiff's principal reason for entering into the Settlement is the substantial and certain recovery for the Class without the risk or the delays inherent in further litigation. The substantial recovery provided under the Settlement must be considered against the significant risk that a smaller recovery—or indeed no recovery at all—might be achieved after a contested summary judgment motion, a trial of the Action, and the likely appeals that would follow a trial.  This process could be expected to last several years.  Defendants, who deny all allegations of wrongdoing, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN 28 DAYS AFTER APPROVAL OF THE SETTLEMENT.  THE DEADLINE MAY BE AS EARLY AS MARCH 10, 2022.**  See ¶ 44 below for details. | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Class Member, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiff's Claims (defined in ¶ 38 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 39 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN JANUARY 13, 2022 AT MIDNIGHT PACIFIC TIME** | If you exclude yourself from the Class, you will not be eligible to receive any payment from the Settlement Fund or object to the Settlement.  This is the only option that may allow you to ever be part of any other lawsuit against Defendants or the Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN JANUARY 13, 2022 AT MIDNIGHT PACIFIC TIME.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Class Member and do not request exclusion.  If you object, you will still be bound by the orders of the Court, even if your objection is overruled.  If you object, you may still submit a Claim Form and will be eligible for a payment from the Settlement, if the Settlement is approved. |
| **GO TO A HEARING FEBRUARY 10, 2022 AT 11:00 A.M. PACIFIC TIME, AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN JANUARY 13, 2022.** | Filing a written objection and notice of intention to appear by January 13, 2022 at midnight allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses.  In the Court's discretion, the February 10, 2022 hearing may be conducted by telephone or video conference (*see* ¶ 85 below).  If you submit a written objection, you may (but you do not have to) participate in the hearing and, at the discretion of the Court, speak to the Court about your objection. |

| DO NOTHING. | If you are a member of the Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |
|---|---|

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice? — Page __
What Is This Case About? — Page __
How Do I Know If I Am Affected By The Settlement?
    Who Is Included In The Class? — Page __
What Are Lead Plaintiff's Reasons For The Settlement? — Page __
What Might Happen If There Were No Settlement? — Page __
How Are Class Members Affected By The Action And The Settlement? — Page __
How Do I Participate In The Settlement?  What Do I Need To Do? — Page __
How Much Will My Payment Be? — Page __
    The Proposed Plan of Allocation — Page __
What Payment Are The Attorneys For The Class Seeking?
    How Will The Lawyers Be Paid? — Page __
What If I Do Not Want To Be A Member Of The Class?  How Do I Exclude Myself? — Page __
When And Where Will The Court Decide Whether To Approve The
    Settlement? Do I Have To Come To The Hearing?  May I Speak At
    The Hearing If I Don't Like The Settlement? — Page __
What If I Bought Shares On Someone Else's Behalf? — Page __
Can I See The Court File?  Whom Should I Contact If I Have
    Questions? — Page __

## WHY DID I GET THIS NOTICE?

8.     The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Symantec common stock during the Class Period.  The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.     The purpose of this Notice is to inform you of the terms of the proposed Settlement of the Action and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses (the "Settlement Hearing").  *See* ¶¶ 85-86 below for details about the Settlement Hearing, including the date and location of the hearing.

10.     The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still must decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

| WHAT IS THIS CASE ABOUT? |
| --- |

11.     Symantec (now known as NortonLifeLock Inc.) is a technology company that provides cybersecurity products and services, including its flagship Norton Antivirus software.  During the Class Period, Symantec's common stock traded on the NASDAQ under the symbol SYMC.

12.     Beginning on May 17, 2018, several related securities class actions brought on behalf of investors in Symantec common stock were filed in the Court.  On August 23, 2018, the Court entered an Order appointing SEB as "Lead Plaintiff" pursuant to the Private Securities Litigation Reform Act of 1995, consolidating all related actions, and inviting applications for Lead Counsel.  On October 4, 2018, the Court entered an Order approving Lead Plaintiff's selection of Bernstein Litowitz Berger & Grossmann LLP ("BLB&G") as Lead Counsel.

13.     On November 15, 2018, Lead Plaintiff filed a Consolidated Class Action Complaint for Violations of the Federal Securities Laws against Symantec, Gregory S. Clark, Nicholas R. Noviello, and Mark S. Garfield.  Defendants filed motions to dismiss, which were fully briefed and argued by January 31, 2019.  On June 14, 2019, the Court dismissed SEB's initial complaint with leave to file a motion to amend.

14.     On July 11, 2019, SEB filed a motion for leave to amend and, on July 23, 2019, after the Court unsealed documents in a derivative case involving Symantec, SEB filed an amended motion for leave to amend.  The amended motion for leave to amend was argued on September 26, 2019.

15.     On October 2, 2019, the Court granted SEB's motion, sustaining claims under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") against Symantec and Clark and Section 20(a) control person and Section 20A insider trading claims under the Exchange Act against Clark.  The Court dismissed as defendants Symantec's former Chief Financial Officer and former Chief Accounting Officer, as well as other allegations.

16.     On October 11, 2019, Lead Plaintiff filed the operative complaint in the Action, the First Amended Consolidated Class Action Complaint for Violations of Federal Securities Laws (the "Complaint"). The Complaint asserts claims against Defendants Symantec and Clark under Section 10(b) and Rule 10b-5 promulgated thereunder, and against Defendant Clark under Sections 20(a) and 20A of the Exchange Act.  Among other things, the Complaint alleges that, during the period from May 11, 2017, to August 2, 2018, inclusive (the "Class Period"), Defendants Symantec and Clark made materially false and misleading statements concerning the Company's financial results, and Defendant Clark engaged in improper insider trading by selling shares of Symantec common stock while in possession of material, non-public information.  The Complaint further alleges that Defendants' alleged misstatements caused the price of Symantec common stock to be inflated during the Class Period and to decline when the alleged truth emerged though corrective disclosures on May 10, 2018 and August 2, 2018, resulting in financial losses to those who purchased the stock at the inflated price.

17.     On November 7, 2019, Defendants filed their Answers to the Complaint.

18.     On January 17, 2020, Lead Plaintiff filed a motion for class certification.  Between then and March 5, 2020, the parties produced documents, deposed each other's experts and filed their opposition and reply briefs. Following full briefing on the motion, on May 8, 2020, the Court issued an Order certifying the Class, appointing SEB as Lead Plaintiff for the certified Class, and appointing BLB&G as Class Counsel for the certified Class.

19.     On May 29, 2020, the Court approved the parties' stipulation and proposed order regarding dissemination of notice to potential Class Members (the "Class Notice") to notify them of, among other things: (i) the Action pending against Defendants; (ii) the Court's certification of the Action to proceed as a class action on behalf of the Class; and (iii) their right to request to be excluded from the Class, the effect of remaining in the Class or requesting exclusion, and the requirements for requesting exclusion.  The deadline for requesting exclusion from the Class pursuant to the Class Notice was August 25, 2020.  A list of the persons and entities who requested exclusion pursuant to the Original Class Notice is available at www.SymantecSecuritiesLitigation.com.

20.     Discovery in the Action commenced in November 2019.  Pursuant to detailed document requests and substantial negotiations, Defendants and third parties produced more than 360,000 documents, totaling more than 2.1 million pages,

to Lead Plaintiff.  Lead Plaintiff produced over 4,180 pages of documents to Defendants.  Between September 2020 and January 2021, Lead Plaintiff deposed 19 fact witnesses, including Defendant Clark, two purported whistleblowers, and other former senior executives and former employees of Symantec.  Due to the global pandemic, one additional fact deposition was held in early March 2021 for a total of 20 fact depositions taken by Lead Counsel.  The Parties also served and responded to interrogatories and requests for admission and exchanged numerous letters, including disputes between the Parties and with nonparties, concerning discovery issues.  The Parties also engaged in motion practice before the Court to resolve a discovery dispute concerning Defendants' production of Symantec's production to the SEC.  Lead Plaintiff served subpoenas on and negotiated document discovery with ten third parties, including Symantec's outside auditor, KPMG.  The Parties concluded fact discovery on January 29, 2021 (except for the additional deposition in March 2021).

21.    Expert discovery commenced on January 29, 2021.  Over the course of expert discovery, Lead Plaintiff served opening and reply expert reports from three experts in the fields of accounting, executive compensation, and damages.  Likewise, Defendants served rebuttal expert reports from three experts in the fields of accounting, executive compensation, and damages.  The Parties deposed all six experts who had submitted reports in this case and expert discovery closed on March 5, 2021.

22.    On March 4, 2021, Defendants filed their motion for summary judgment.  Lead Plaintiff filed its opposition to summary judgment on March 18, 2021 and Defendants filed their reply on March 25, 2021.  All told, the Parties' papers on summary judgment included 130 pages of briefing and thousands of pages of exhibits.

23.    In an Order dated April 20, 2021, the Court, among other things, ordered a second notice to be disseminated to the certified Class.  By Order dated April 24, 2021, the Court approved the dissemination of a supplemental notice to potential Class Members (the "Supplemental Class Notice") to notify them of, among other things, their right to request to be excluded from the Class, the effect of remaining in the Class or requesting exclusion, and the requirements for requesting exclusion. The deadline for requesting exclusion from the Class pursuant to the Supplemental Class Notice was July 2, 2021.  A list of the persons and entities who requested exclusion pursuant to the Supplemental Class Notice is available at www.SymantecSecuritiesLitigation.com.

24.    The Parties scheduled a settlement conference with Magistrate Judge Donna M. Ryu for September 14, 2020.  In advance of the settlement conference, the Parties exchanged detailed settlement conference briefs regarding the merits of the case, including citations to evidence, and separately made private submissions to Judge Ryu regarding the strengths and weaknesses of the case.  On September 14, 2020, the Parties and Symantec's insurance carriers attended the settlement conference session, via Zoom, with Judge Ryu, but did not reach an agreement to settle the Action.  The Parties continued their discussions for several weeks after that initial session but were unable to reach an agreement to settle at that time.

25.    After the end of fact and expert discovery and following full briefing on Defendants' motion for summary judgment, the Parties scheduled a second settlement conference with Judge Ryu on May 24, 2021, also via Zoom.  In advance of this second settlement conference, the Parties again made private submissions to Judge Ryu regarding the strengths and weaknesses of the case.  During the May 24, 2021 settlement conference supervised by Judge Ryu, which Symantec's insurance carriers attended, the Parties reached an agreement in principle to settle the Action that was memorialized in a term sheet (the "Term Sheet") executed on May 26, 2021.  The Term Sheet sets forth, among other things, the Parties' agreement to settle and release all claims against Defendants in return for a cash payment, to be paid by or on behalf of Defendants, of $70,000,000 for the benefit of the Class.

26.    On June 8, 2021, the Parties entered into the Stipulation, which sets forth the terms and conditions of the Settlement.  The Stipulation is available at www.SymantecSecuritiesLitigation.com.  Lead Plaintiff and Symantec also entered into a confidential Supplemental Agreement, which gives Symantec the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Class in an amount that exceeds an amount agreed to by Lead Plaintiff and Symantec.

27.   On July 6, 2021, Lead Plaintiff moved for preliminary approval of the Settlement, and on September [__], 2021, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to Class Members, and scheduled the Settlement Fairness Hearing to consider whether to grant final approval to the Settlement.

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
WHO IS INCLUDED IN THE CLASS?**

28.   If you are a member of the Class, you are subject to the Settlement unless you timely request to be excluded from the Class.  The Class means the class certified in the Court's Order on Motion for Class Certification dated May 8, 2020 (Dkt. No. 227). The Class consists of:

> all persons and entities who purchased or otherwise acquired publicly-traded Symantec common stock during the period from May 11, 2017, to August 2, 2018, inclusive (the "Class Period"), and who were damaged thereby.

The Class includes all persons or entities who purchased or otherwise acquired Symantec common stock contemporaneously with sales of Symantec common stock made or caused by Defendant Clark during the Class Period. As such, the Class includes only persons and entities who purchased or otherwise acquired Symantec common stock during the Class Period.  The Class does not include persons and entities who only had sales of Symantec common stock during the Class Period or purchasers or sellers of other Symantec securities, if any.

Excluded from the Class by definition are Defendants; members of the Immediate Family of Defendant Clark; any person who was an officer or director of Symantec; any firm or entity in which any Defendant has or had a controlling interest; any person who participated in the wrongdoing alleged; Defendants' liability insurance carriers; any affiliates, parents, or subsidiaries of Symantec; all Symantec plans that are covered by ERISA; and the legal representatives, heirs, beneficiaries, successors-in interest, or assigns of any excluded person or entity, in their respective capacity as such.  Also excluded from the Class are (i) all persons and entities who excluded themselves by previously submitting a request for exclusion from the Class in response to either of the Class Notices, (ii) all persons and entities who exclude themselves from the Class by submitting a request for exclusion in response to this Settlement Notice that is accepted by the Court, and (iii) the legal representatives, heirs, beneficiaries, successors-in interest, or assigns of such excluded persons or entities, in their respective capacity as such.  *See* "What If I Do Not Want To Be A Member Of The Class?  How Do I Exclude Myself," on page 17 below.  If you previously requested exclusion from the Class, you do not need to do so again.  A list of all persons or entities who previously submitted a request for exclusion from the Class is available at www.SymantecSecuritiesLitigation.com.

**PLEASE NOTE:  Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to a payment from the Settlement.**

**If you are a Class Member and you wish to be eligible to receive a payment from the Settlement, you are required to submit the Claim Form that is being distributed with this Notice, and the required supporting documentation as set forth therein, postmarked no later than 28 days after approval of the Settlement.**  The Settlement website, www.SymantecSecuritiesLitigation.com, will be updated to inform Class Members of the approval of the Settlement, if and when that occurs, and the final claim filing deadline.  **The deadline may be as early as March 10, 2022.**

**WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?**

29.   Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through the Court's ruling on summary judgment, pre-trial motions, a trial, and appeals, as well as the very substantial risks they would face in establishing liability and damages.  For example, Defendants argued in their summary judgment papers that the original complaint was dismissed in its entirety by the Court and the amended complaint "narrowly survived the

pleading stage." In particular, the risks of the litigation concerned each main element of Lead Plaintiff's claims.   To start, Lead Plaintiff faced challenges in proving that Defendants made materially false and misleading statements during the Class Period.   For example, a key aspect of the case concerned Lead Plaintiff's allegation that Defendants had manipulated certain of Symantec's reported financial measures by misclassifying ordinary operating expenses as "Transition and Transformation" ("T&T") expenses in order to meet executive compensation targets.   But Defendants claimed that they did not misclassify any expenses and argued that Symantec's accounting staff responsible for classifying the T&T expenses "testified uniformly and unambiguously that th[e] classifications were proper."   Lead Plaintiff also alleged that Symantec's improper upfront recognition of $12 million in revenue in the fourth quarter of fiscal 2018 misled investors.   Defendants argued that this was an innocent accounting issue that, regardless, was immaterial to a multi-billion dollar per year company like Symantec, where the $12 million represented "less than 0.25% of annual revenue and less than 1% of quarterly revenue."   Further, Lead Plaintiff faced challenges in proving scienter—i.e., that Defendants knowingly or recklessly deceived investors.   For example, Defendants argued that scienter could only be proved through former CEO, Gregory Clark, which was not possible because, according to Defendants, Mr. Clark was not aware of any misclassified expenses, relied on his accounting staff to handle such matters and, when issues arose, he promptly tried to fix them in good faith, including by hiring outside consultants to review T&T expenses.   Defendants also argued that Symantec had robust processes and procedures to review T&T expenses, including Board-level review.   Defendants also pointed to the conclusion of a full Audit Committee investigation led by outside advisors that, according to Defendants, announced no restatement of historically filed financial statements or employment actions taken against Defendants.

30.     Lead Plaintiff also faced further risks relating to proof of loss causation and damages.   For example, Defendants contended in their summary judgment motion and would have argued at trial that Lead Plaintiff could not establish a causal connection between the alleged misrepresentations and the losses investors allegedly suffered, as required by law. Indeed, Defendants vehemently argued that that damages were zero because the alleged corrective disclosures on May 10 and August 2, 2018 merely discussed the existence of an investigation, without any admission of wrongdoing or correction of the past alleged misstatements.   Defendants also challenged the August 2018 disclosure in particular as revealing no "new" information about the alleged fraud.   If Defendants had succeeded on one or more of their loss causation and damages arguments, even if Lead Plaintiff had established liability for its securities fraud claims, the recoverable damages would have been substantially less than the amount provided in the Settlement or even zero.

31.     In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class.   Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit to the Class, namely $70,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery, after summary judgment, trial, and appeals, possibly years in the future.

32.     Defendants have vigorously denied and continue to deny each and all of the claims asserted against them in the Action and deny that the Class was harmed or suffered any damages as a result of the conduct alleged in the Action. Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action.   Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.   Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

33.     If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiff nor the other members of the Class would recover anything from Defendants.   Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

| HOW ARE CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT? |
|---|

34.    As a Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf as provided in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

35.    If you are a Class Member and do not wish to remain a Class Member, you must exclude yourself from the Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Class?  How Do I Exclude Myself?," below.  If you exclude yourself, you will not be able to receive a payment from the Settlement and you will not be able to object to the Settlement.

36.    If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and Litigation Expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

37.    If you are a Class Member and you do not exclude yourself from the Class, you will be bound by any orders issued by the Court.  Even if you object and your objection is overruled by the Court, you will still be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims in the Action against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Class Members, on behalf of themselves, and their respective current and former heirs, executors, administrators, predecessors, successors, officers, directors, agents, parents, affiliates, subsidiaries, employees, attorneys, assignees, and assigns, in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all of the Released Plaintiff's Claims (as defined in ¶ 38 below) against Defendants and the other Defendants' Releasees (as defined in ¶ 39 below), whether or not such Class Member executes and delivers a Claim or objects to the settlement, and will forever be barred and enjoined from prosecuting, commencing, instituting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any or all of the Released Plaintiff's Claims against any of the Defendants' Releasees.  This Release shall not apply to any of the Excluded Plaintiff's Claims.

38.    "Released Plaintiff's Claims" means all claims and causes of action, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that (i) Lead Plaintiff or any other Class Member asserted in the Complaint or Action under Sections 10(b), 20(a), and 20A of the Exchange Act and Rule 10b-5 or (ii) that arise out of or relate to the transactions or occurrences asserted in the Complaint or Action *and* concern claims or causes of action of or by Lead Plaintiff or any other Class Member who purchased or otherwise acquired Symantec common stock during the Class Period, and were allegedly damaged thereby.  Released Plaintiff's Claims do not include any of the following claims:  (i) claims relating to the enforcement of the Settlement; (ii) claims asserted in any pending ERISA action or derivative action, including, without limitation, claims asserted in *Lee v. Clark*, Case No. 3:19-cv-02522 (N.D. Cal.), *Milliken v. Clark*, 1:18-cv-01848 (D. Del.*), In re Symantec Corporation Stockholder Derivative Litigation*, C.A. No. 2019-0224-JTL (Del. Ch.), and *Kukard v. Symantec Corporation*, C.A. No. N18C-07-117 MMJ CCLD (Del. Super. Ct.), and any related or consolidated cases; (iii) claims by any governmental entity that arise out of any governmental investigation of Defendants relating to the alleged wrongful conduct in the Action; or (iv) claims of the persons or entities who previously submitted a request for exclusion from the Class or who submit a request for exclusion from the Class in response to this Settlement Notice that is accepted by the Court ("Excluded Plaintiff's Claims").

39.    "Defendants' Releasees" means Defendants and their current and former parents, affiliates, subsidiaries, related entities, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, principals, trustees, trusts, employees, Immediate Family members, insurers, reinsurers, advisors, estates, heirs, executors, administrators, shareholders, joint venturers, members, managers, supervisors, contractors, consultants, representatives, attorneys, and legal or personal representatives of the foregoing, in their capacities as such.

40.   "Unknown Claims" means any Released Plaintiff's Claims which Lead Plaintiff or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. For the avoidance of doubt, Unknown Claims are limited to those that (a) Lead Plaintiff or any other Class Member or Defendants (i) asserted in the Complaint or Action or (ii) arise out of or relate to the transactions or occurrences asserted in the Complaint or Action *and* concern claims or causes of action of or by Lead Plaintiff or any other Class Member who purchased or otherwise acquired Symantec common stock during the Class Period and were allegedly damaged thereby. Lead Plaintiff and any other Class Member, and Defendants may hereafter discover facts in addition to or different from those that he, she, or it now knows or believes to be true with respect to the subject matter of Released Plaintiff's Claims and Released Defendants' Claims, but they stipulate and agree that, upon the Effective Date of the Settlement, they shall expressly waive and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Unknown Claims. The Parties acknowledge, and each of the Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

41.   The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves and their respective current and former heirs, executors, administrators, predecessors, successors, officers, directors, agents, parents, affiliates, subsidiaries, employees, attorneys, assignees, and assigns, in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Defendants' Claims (as defined in ¶ 42 below) against Lead Plaintiff and the other Plaintiff's Releasees (as defined in ¶ 43 below), and will forever be barred and enjoined from prosecuting, commencing, instituting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any or all of the Released Defendants' Claims against any of the Plaintiff's Releasees.  This Release shall not apply to any of the Excluded Defendants' Claims.

42.   "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants.  Released Defendants' Claims do not include any of the following claims:  (i) claims relating to the enforcement of the Settlement; (ii) claims against the persons or entities who previously submitted a request for exclusion from the Class ("Excluded Defendants' Claims").

43.   "Plaintiff's Releasees" means Lead Plaintiff, all other plaintiffs in the Action, and all other Class Members, and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family members, insurers, reinsurers, advisors, estates, heirs, executors, administrators, shareholders, joint venturers, members, managers, supervisors, contractors, consultants, representatives, attorneys, and legal or personal representatives of the foregoing, in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

44.   To be eligible for a payment from the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation *postmarked* (if mailed), or submitted online at www.SymantecSecuritiesLitigation.com, no later than 28 days after the Court approves the Settlement. This deadline may be as early as March 10, 2022.  The Settlement website, www.SymantecSecuritiesLitigation.com, will be updated to inform Class Members of the approval of the Settlement, if and when that occurs, and the final claim filing deadline.  You do not need to wait until after the Court approves the Settlement, but may submit your Claim Form now or at any time before the deadline.

45.   A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.SymantecSecuritiesLitigation.com.  You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-800-949-0206 or by emailing the Claims Administrator at

info@SymantecSecuritiesLitigation.com. **Please retain all records of your ownership of and transactions in Symantec common stock, as they will be needed to document your Claim.** The Parties and Claims Administrator do not have information about your transactions in Symantec common stock. If you do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

| HOW MUCH WILL MY PAYMENT BE? |
|:---:|

46. At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

47. Pursuant to the Settlement, Symantec has agreed to pay or caused to be paid a total of $70,000,000 in cash (the "Settlement Amount"). The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the Net Settlement Fund will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

48. The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

49. Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, any actions of the Escrow Agent, or the Plan of Allocation.

50. Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

51. Unless the Court otherwise orders, any Class Member who or which fails to submit a Claim Form by the deadline shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a member of the Class and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Class Member releases the Released Plaintiff's Claims (as defined in ¶ 38 above) against the Defendants' Releasees (as defined in ¶ 39 above) and will be barred and enjoined from prosecuting any of the Released Plaintiff's Claims against any of the Defendants' Releasees whether or not such Class Member submits a Claim Form.

52. Participants in, and beneficiaries of, any Symantec employee benefit plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Symantec common stock held through the ERISA Plan in any Claim Form that they submit in this Action.

53. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

54. Only members of the Class will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Class by definition or that previously excluded themselves from the Class pursuant to request or who now exclude themselves from the Class by request will not be eligible for a payment and should not submit Claim Forms. The only security that is included in the Settlement is Symantec common stock.

### PROPOSED PLAN OF ALLOCATION

55. The guiding principle of recovery in the Plan of Allocation is that people or entities who purchased or otherwise acquired Symantec common stock during the Class Period are eligible to share in the Net Settlement Fund. But sales of Symantec common stock during the Class Period are not be eligible. The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Class Members who suffered economic losses as a proximate result

of the alleged violations of the federal securities laws. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

56.   In developing the Plan of Allocation in conjunction with Lead Counsel, Lead Plaintiff's damages expert calculated the estimated amount of artificial inflation in the price of Symantec common stock allegedly caused by Defendants' alleged false and misleading statements and material omissions. In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiff's damages expert considered price changes in the stock in reaction to the public disclosures allegedly revealing the truth concerning Defendants' alleged misrepresentations and material omissions, adjusting for price changes that were attributable to market or industry forces.

57.   Recognized Loss Amounts for transactions in Symantec common stock are calculated under the Plan of Allocation based primarily on (1) the difference in the amount of alleged artificial inflation in the price of Symantec common stock at the time of purchase and the time of sale or (2) the difference between the actual purchase price and sale price, whichever is less. In addition, shares that are purchased in the Class Period and sold during the 90-day period after the Class Period or held to the end of that period are subject to a further limitation based on the average price of Symantec common stock during that period, as required by a federal statute. In order to have a Recognized Loss Amount under the Plan of Allocation, a Class Member who purchased or otherwise acquired Symantec common stock prior to the first corrective disclosure, which occurred after the close of the financial markets on May 10, 2018, must have held his, her, or its shares of Symantec common stock through at least the close of trading on May 10, 2018. A Class Member who purchased or otherwise acquired publicly traded Symantec common stock from May 11, 2018 through and including August 2, 2018, must have held those shares through at least the close of trading on August 2, 2018, when additional corrective information was released to the market and removed the remaining artificial inflation from the price of Symantec common stock on August 3, 2018.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

58.   Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase of Symantec common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formula below, the Recognized Loss Amount for that transaction will be zero.

59.   **Only purchases or other acquisitions of Symantec common stock during the Class Period (from May 11, 2017 through August 2, 2018, inclusive) are eligible for compensation in the Settlement. Sales of stock are not eligible for compensation**. Only purchases and acquisitions are eligible for compensation because the allegations in this case are that Class Members were injured by purchasing Symantec shares when the price of those shares were artificially inflated by Defendants' alleged misrepresentations.

60.   In addition, any shares purchased during the Class Period that are sold before the next relevant corrective disclosure date (May 11, 2018 or August 2, 2018) are not eligible for compensation. The reason for this is that, for losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the Symantec common stock. In the Action, Lead Plaintiff alleges that Defendants made false statements and omitted material facts during the period from May 11, 2017 through August 2, 2018, inclusive, which had the effect of artificially inflating the price of Symantec common stock. Lead Plaintiff further alleges that corrective information was released to the market on: May 10, 2018 and August 2, 2018, which partially removed artificial inflation from the price of Symantec common stock on: May 11-15, 2018 and August 3, 2018.

61.   For each share of publicly traded Symantec common stock purchased or otherwise acquired during the period from May 11, 2017 through August 2, 2018, inclusive, and

a)  sold before the close of trading on May 10, 2018, the Recognized Loss Amount is zero;

b)  sold from May 11, 2018 through August 2, 2018, the Recognized Loss Amount is **the lesser of:** (i) the differential in artificial inflation per share on the date of purchase/acquisition compared to the date of sale, as stated in Table A; or (ii) the purchase price *minus* the sale price;

c)  sold from August 3, 2018 through October 31, 2018, the Recognized Loss Amount is **the least of:** (i) the differential in artificial inflation per share on the date of purchase/acquisition compared to the date of sale, as stated in the last column of Table A; (ii) the purchase price *minus* the sale price; or (iii) the purchase price *minus* the average closing price per share applicable to the date of sale as stated in Table B;

d)  held at the end of trading on October 31, 2018, the Recognized Loss Amount is equal to **the lesser of:** (i) the differential in artificial inflation per share on the date of purchase/acquisition as compared to the date of holding, as stated in the last column of Table A; or (ii) the purchase price per share *minus* $19.85.[2]

### *Example Calculations*

Claimant Janet Jones purchased 2,000 shares of Symantec common stock on February 15, 2018 for $27.00 per share and she:

(1)  sold 1,000 shares on April 4, 2018 for $26.00 per share; and
(2)  sold 1,000 shares on May 11, 2018 for $20.00 per share.

Ms. Jones' Recognized Loss Amounts would be calculated as follows (under ¶ 61 above):

(1)  the 1,000 shares sold on April 4, 2018 would not be eligible for any recovery ($0 Recognized Loss Amount) because they were sold before the first alleged corrective disclosure on May 10, 2018 (*see ¶ 61(a) above*).

(2)  the Recognized Loss Amount for the shares sold on May 11, 2018 would be **the lesser of:** (i) the differential in artificial inflation per share on the date of purchase/acquisition compared to the date of sale, as stated in Table A **(or $6.61 per share)**; or (ii) the purchase price *minus* the sale price **($27.00-$20.00 or $7.00 per share)** (*see ¶ 61(b) above*). Thus, the Recognized Loss Amount would be $6.61 per share or $6,610.00 for this transaction.

Based on this example, Ms. Jones' total Recognized Claim (the sum of her Recognized Loss Amounts for all transactions) would be $6,610.00. **Note:** this would not be the amount of Ms. Jones's payment in the Settlement. Instead, each claimant's Recognized Claim will be used for purpose of making a *pro rata* distribution of the Net Settlement Fund based on the total value of all claimants' Recognized Claims. *For example*, depending on the total value of claims received, each eligible claimant might receive 10% of their Recognized Claim, or in the case of Ms. Jones, $661.

---

[2]  Pursuant to Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  This 90-day period is known as the "90-day look-back period." The average (mean) closing price of Symantec common stock during the 90-day look-back period from August 3, 2018 through October 31, 2018, inclusive, was $19.85.

**TABLE A**

**Difference in Estimated Artificial Inflation in
Symantec Common Stock for Purchases and Sales in Class Period**

| Purchase Date | Sale Date | | | | |
|---|---|---|---|---|---|
| | May 11, 2017 – May 10, 2018 | May 11, 2018 – May 13, 2018 | May 14, 2018 | May 15, 2018 – Aug. 2, 2018 | After Aug. 2, 2018 or still held |
| May 11, 2017 – Aug. 2, 2017 | $0.00 | $4.83 | $3.51 | $2.79 | $3.06 |
| Aug. 3, 2017 – Nov. 1, 2017 | $0.00 | $5.63 | $4.31 | $3.59 | $3.86 |
| Nov. 2, 2017– Jan. 31, 2018 | $0.00 | $5.72 | $4.40 | $3.68 | $3.95 |
| Feb. 1, 2018 – May 10, 2018 | $0.00 | $6.61 | $5.29 | $4.57 | $4.84 |
| May 11, 2018 – Aug. 2, 2018 | $0.00 | $0.00 | $0.00 | $0.00 | $0.27 |

**TABLE B**

**90-Day Look-Back Table for Symantec Common Stock
(Average Closing Price: August 3, 2018 – October 31, 2018)**

| Date | Average Closing Price from August 3, 2018 through Date | Date | Average Closing Price from August 3, 2018 through Date | Date | Average Closing Price from August 3, 2018 through Date |
|---|---|---|---|---|---|
| 8/3/2018 | $19.25 | 9/4/2018 | $19.56 | 10/3/2018 | $20.03 |
| 8/6/2018 | $19.41 | 9/5/2018 | $19.57 | 10/4/2018 | $20.03 |
| 8/7/2018 | $19.42 | 9/6/2018 | $19.58 | 10/5/2018 | $20.03 |
| 8/8/2018 | $19.43 | 9/7/2018 | $19.59 | 10/8/2018 | $20.04 |
| 8/9/2018 | $19.39 | 9/10/2018 | $19.60 | 10/9/2018 | $20.04 |
| 8/10/2018 | $19.35 | 9/11/2018 | $19.62 | 10/10/2018 | $20.04 |
| 8/13/2018 | $19.28 | 9/12/2018 | $19.64 | 10/11/2018 | $20.02 |
| 8/14/2018 | $19.20 | 9/13/2018 | $19.65 | 10/12/2018 | $20.02 |
| 8/15/2018 | $19.13 | 9/14/2018 | $19.66 | 10/15/2018 | $20.01 |
| 8/16/2018 | $19.15 | 9/17/2018 | $19.67 | 10/16/2018 | $20.02 |
| 8/17/2018 | $19.18 | 9/18/2018 | $19.70 | 10/17/2018 | $20.03 |
| 8/20/2018 | $19.20 | 9/19/2018 | $19.73 | 10/18/2018 | $20.03 |
| 8/21/2018 | $19.22 | 9/20/2018 | $19.76 | 10/19/2018 | $20.03 |
| 8/22/2018 | $19.26 | 9/21/2018 | $19.79 | 10/22/2018 | $20.02 |
| 8/23/2018 | $19.28 | 9/24/2018 | $19.84 | 10/23/2018 | $20.01 |
| 8/24/2018 | $19.31 | 9/25/2018 | $19.88 | 10/24/2018 | $19.99 |
| 8/27/2018 | $19.36 | 9/26/2018 | $19.91 | 10/25/2018 | $19.97 |
| 8/28/2018 | $19.41 | 9/27/2018 | $19.94 | 10/26/2018 | $19.95 |
| 8/29/2018 | $19.47 | 9/28/2018 | $19.98 | 10/29/2018 | $19.91 |
| 8/30/2018 | $19.50 | 10/1/2018 | $20.00 | 10/30/2018 | $19.88 |
| 8/31/2018 | $19.54 | 10/2/2018 | $20.01 | 10/31/2018 | $19.85 |

62.    For shares of Symantec common stock that were purchased during the period from August 28, 2017 through September 14, 2017 (the "20A Period"), the Recognized Loss Amount for those purchases will be increased by 2%. Specifically, the Recognized Loss Amount calculated above in paragraph 61 for these purchases will be multiplied by 1.02.  Shares purchased during the 20A Period will receive this enhancement to their Recognized Loss Amount because the investors who purchased Symantec common stock in the 20A Period purchased their shares "contemporaneously" with sales of Symantec common stock by Defendant Clark that were alleged in the Complaint (*i.e.*, within 9 trading days after sales by Clark on August 28 and 31, 2017), and, thus, these Class Members possessed claims under Section 20A of the Exchange Act which were not possessed by other members of the Class.  The 2% enhancement was selected by considering the (a) the amount of additional incremental (or non-overlapping) damages that might have been recovered from Defendant Clark under the Section 20A claims; (b) the estimated litigation risks of succeeding on those claims; and (c) the percentage of eligible Class purchases estimated to have occurred in the 20A Period.

## ADDITIONAL PROVISIONS

63.    The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in paragraph 71 below) is $10.00 or greater.

64.    **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above with respect to all purchases or acquisitions of publicly traded Symantec common stock during the Class Period.

65.    **FIFO Matching:**  If a Settlement Class Member had sales of Symantec common stock during the relevant time periods (in addition to having made one or more purchases or acquisitions), the sales will be matched with purchases/acquisitions on a First In, First Out ("FIFO") basis.  Specifically, sales will be matched first against any holdings of Symantec common stock at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

When Lead Plaintiff SEB submitted its motion to be appointed as Lead Plaintiff it presented its losses based on both FIFO and Last In, First Out ("LIFO") matching methods.  SEB had by far the largest losses of all movants under either measure with a $6.1 million FIFO loss and $5.325 million LIFO loss.  While SEB's losses under FIFO slightly exceed its losses under LIFO, the total estimated maximum class damages under FIFO ($1,015.6 million) are also greater than total estimated maximum class damages under LIFO ($905.7 million), so that SEB's expected recovery under the Settlement is approximately the same whether FIFO or LIFO is used.

66.    **"Purchase/Sale" Prices:** For the purposes of calculations under this Plan of Allocation, "purchase price" means the actual price paid, excluding all fees, taxes, and commissions, and "sale price" means the actual amount received, not deducting any fees, taxes, and commissions.

67.    **"Purchase/Sale" Dates:** Purchases, acquisitions, and sales of Symantec common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  However, the receipt or grant by gift, inheritance, or operation of law of Symantec common stock during the Class Period shall not be deemed an eligible purchase, acquisition, or sale for the calculation of a Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the stock unless (i) the donor or decedent purchased or acquired the Symantec common stock during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares.

68.    **Short Sales:**  The date of covering a "short sale" is deemed to be the date of purchase of the Symantec common stock.  The date of a "short sale" is deemed to be the date of sale of the Symantec common stock.  In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

69.    In the event that a Claimant has an opening short position in Symantec common stock, the earliest purchases or acquisitions of Symantec common stock during the Class Period will be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

70.    **Shares Purchased/Sold Through the Exercise of Options:**   Option contracts are not securities eligible to participate in the Settlement.  With respect to shares of Symantec common stock purchased or sold through the exercise of an option, the purchase/sale date of the Symantec common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

71.    **Determination of Distribution Amount:**  The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

72.    If an Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

73.    After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the Net Settlement Fund after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator, no less than seven (7) months after the initial distribution, will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to the Investor Protection Trust, a non-sectarian, not-for-profit, 501(c)(3) organization devoted to investor education.

74.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Claimants.  No person or entity shall have any claim against Lead Plaintiff, lead Counsel, the Claims Administrator, or any other agent designated by Lead Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Lead Plaintiff and Defendants, and their respective counsel, and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith

75.    The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiff after consultation with Lead Plaintiff's damages expert.  The Court may approve this Plan as proposed or it may modify the Plan of Allocation without further notice to the Class.  Any Orders regarding any modification of the Plan of Allocation will be posted on the case website, www.SymantecSecuritiesLitigation.com.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

76.    Lead Counsel has not received any payment for its services in pursuing claims against Defendants on behalf of the Class, nor has it been paid for its litigation expenses.  Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 19% of the Settlement Fund, or $13.3 million, plus interest.  At the same time, Lead Counsel also intends to apply for payment of Litigation Expenses in an amount not to exceed $2.5 million.  Lead Counsel will file its motion for attorneys' fees and expenses by December 30, 2021.  The

Court will determine the amount of any award of attorneys' fees or Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.

<table>
<tr><td>

**WHAT IF I DO NOT WANT TO BE A MEMBER OF THE CLASS?
HOW DO I EXCLUDE MYSELF?**

</td></tr>
</table>

77.    Each Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written request for exclusion addressed to: *Symantec Securities Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217. The request for exclusion must be *received* **no later than January 13, 2022 at midnight.**  You will not be able to exclude yourself from the Class after that date.

78.    You do not need to request exclusion from the Class again if you previously submitted a request for exclusion in response to the Original Class Notice (dated June 2020) or the Supplemental Class Notice (dated May 2021).  A list of persons and entities who previously requested exclusion from the Class in response to the Class Notices is available at www.SymantecSecuritiesLitigation.com.

79.    Each request for exclusion must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Class in *SEB Investment Management AB v. Symantec Corp., et al.*, Case No. C 18-02902-WHA (N.D. Cal.)"; (iii) state whether the shares owned by the person requesting exclusion were owned in street name and, if so, by whom; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.

80.    A request for exclusion shall not be valid and effective unless it provides all the information called for in ¶ 79 and is received within the time stated above, or is otherwise accepted by the Court.

81.    If you do not want to be part of the Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.  Excluding yourself from the Class is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the other Defendants' Releasees concerning the Released Plaintiffs' Claims.  **Please note:** If you decide to exclude yourself from the Class, Defendants and the other Defendants' Releasees will have the right to assert any and all defenses they may have to any claims that you may seek to assert.

82.    If you ask to be excluded from the Class, you will not be eligible to receive any payment out of the Net Settlement Fund and you will not be able to submit an objection to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and expenses.

83.    Lead Plaintiff and Symantec have entered into a confidential Supplemental Agreement, which gives Symantec the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Class in an amount that exceeds an amount agreed to by Lead Plaintiff and Symantec.

<table>
<tr><td>

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?
DO I HAVE TO COME TO THE HEARING?
MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

</td></tr>
</table>

84.    **Class Members do not need to attend the Settlement Fairness Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Fairness Hearing.**

85.    <u>Please Note</u>: The date and time of the Settlement Fairness Hearing may change without further written notice to the Class.  In addition, the ongoing COVID-19 health emergency is a fluid situation that creates the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class

Members to appear at the hearing by phone or video, without further written notice to the Class. **In order to determine whether the date and time of the Settlement Fairness Hearing have changed, or whether Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.SymantecSecuritiesLitigation.com, before making any plans to attend the Settlement Fairness Hearing. Any updates regarding the hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will be posted to the Settlement website, www.SymantecSecuritiesLitigation.com. Also, if the Court requires or allows Class Members to participate in the Settlement Fairness Hearing by telephone or video conference, the information needed to access the conference will be posted to www.SymantecSecuritiesLitigation.com.**

86.     The Settlement Hearing will be held on **February 10, 2022 at 11:00 a.m. Pacific time**, before the Honorable William Alsup either in person at the United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom 12 - 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, or by telephone or videoconference (in the discretion of the Court). At the hearing, the Court will determine, among other things, (i) whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (ii) whether the Action should be dismissed with prejudice against Defendants and the Releases specified and described in the Stipulation (and in this Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; (iv) whether Lead Counsel's motion for attorneys' fees and Litigation Expenses should be approved; and (v) any other matters that may properly be brought before the Court in connection with the Settlement. The Court reserves the right to approve the Settlement, the Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses; and/or consider any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

87.     Any Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses. Objections must be in writing. To object, you must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Northern District of California at the address set forth below **on or before January 13, 2022 at midnight.**

<u>**Clerk's Office**</u>

United States District Court
Northern District of California
Class Action Clerk
Phillip Burton Federal Building &
U.S. Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

88.     Any objection must (i) identify the case name and docket number, *SEB Investment Management AB v. Symantec Corp., et al.*, Case No. C 18-02902-WHA (N.D. Cal.); (ii) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (iii) state whether the objector is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel; (iv) contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (iv) include documents sufficient to prove membership in the Class, including documents showing the number of shares of publicly-traded Symantec common stock that the objector (A) owned as of the opening of trading on May 11, 2017 and (B) purchased/acquired and/or sold during the Class Period (*i.e.*, from May 11, 2017 through August 2, 2018, inclusive). Documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

89.     Lead Plaintiff and Lead Counsel will file their detailed motion papers in support of final approval of the Settlement and approval of attorneys' fees and Litigation Expenses on December 30, 2021.  Those papers will be made available on the www.SymantecSecuritiesLitigation.com if you wish to review them before submitting an objection.

90.     You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses if you previously excluded yourself or now exclude yourself from the Class or if you are not a member of the Class.

91.     If you submit an objection, you will still be bound by the Court's orders in the case even if the Court overrules your objection.  You may file a Claim Form and be eligible to receive a payment in the Settlement even if you submit an objection.

92.     You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Fairness Hearing to present your objection unless you first file a written objection in accordance with the procedures described above, unless the Court orders otherwise.

93.     If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses, assuming you timely file a written objection as described above, you must also file a notice of appearance with the Clerk's Office at the address set forth in ¶ 58 above so that it is *received* **on or before January 13, 2022 at midnight.**  Persons who intend to object and desire to present evidence at the Settlement Fairness Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  It is within the Court's discretion to allow appearances at the Settlement Hearing either in person or by telephone or videoconference, with or without the filing of written objections.

94.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Fairness Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court so that the notice is *received* **on or before January 13, 2022 at midnight.**

95.     The Settlement Fairness Hearing may be adjourned by the Court without further written notice to the Class.  If you plan to attend the hearing, you should confirm the date and time with Lead Counsel.

96.     **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval**.

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

97.     **If you previously provided the names and addresses of persons and entities on whose behalf you purchased or acquired publicly-traded Symantec common stock during the period from May 11, 2017 to August 2, 2018, inclusive, in connection with the Original Class Notice (disseminated in or around June 2020) or the Supplemental Class Notice (disseminated in or around May 2021), and (i) those names and addresses remain current and (ii) you have no additional names and addresses for potential Class Members to provide to the Notice Administrator, you need do nothing further at this time. The Notice Administrator will mail a copy of this Settlement Notice and the Claim Form (the "Settlement Notice Packet") to the beneficial owners whose names and addresses were previously provided in connection with the Class Notices.**

98.     If you elected to mail the Original Class Notice and Supplemental Class Notice directly to beneficial owners, you were advised that you must retain the mailing records for use in connection with any further notices that may be provided in the Action.  If you elected this option, the Notice Administrator will forward the same number of Settlement Notice Packets to you to send to the beneficial owners.  You must mail the Settlement Notice Packets to the beneficial owners no later than October 8, 2021.

99.  If you have additional name and address information, the name and address information of certain of your beneficial owners has changed, or if you need additional copies of the Supplemental Notices, or have not already provided information regarding persons and entities on whose behalf you purchased or acquired publicly-traded Symantec common stock during the period from May 11, 2017 to August 2, 2018, inclusive, in connection with the Original Class Notice or the Supplemental Class Notice, then, the Court has ordered that you must, by October 8, 2021, either: (i) send a list of the names and addresses of such beneficial owners to the Claims Administrator at *Symantec Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173106, Milwaukee, WI 53217, in which event the Claims Administrator shall promptly mail the Settlement Notice Packet to such beneficial owners; or (ii)request from A.B. Data sufficient copies of the Settlement Notice Packet to forward to all such beneficial owners, which you must then mail to the beneficial owners no later seven (7) calendar days after receipt, and no later than October 22, 2021.  As stated above, if you have already provided this information in connection with the Original Class Notice or Supplemental Class Notice, unless that information has changed (*e.g.*, the beneficial owner has changed address), it is unnecessary to provide such information again.

100.  Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from the Settlement website, www.SymantecSecuritiesLitigation.com, by calling the Claims Administrator toll-free at 1-800-949-0206, or by emailing the Claims Administrator at info@SymantecSecuritiesLitigation.com.

## CAN I SEE THE COURT FILE?
## WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

101.  This Notice contains only a summary of the terms of the proposed Settlement.  For the precise terms and conditions of the settlement or to obtain additional information, you may find the Stipulation and other relevant documents at www.SymantecSecuritiesLitigation.com, by contacting Lead Counsel at the address below, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

All inquiries concerning this Notice and the Claim Form should be directed to:

|  |  |  |
|---|---|---|
| *Symantec Securities Litigation* | and/or | Jeremy P. Robinson, Esq. |
| c/o A.B. Data, Ltd. | | Bernstein Litowitz Berger |
| P.O. Box 173106 | | & Grossmann LLP |
| Milwaukee, WI 53217 | | 1251 Avenue of the Americas |
| | | New York, NY 10020 |
| 1-800-949-0206 | | |
| info@SymantecSecuritiesLitigation.com | | 1-800-380-8496 |
| www.SymantecSecuritiesLitigation.com | | settlements@blbglaw.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS THIS SETTLEMENT OR THE CLAIM PROCESS.**

Dated: September 24, 2021

By Order of the Court
United States District Court
Northern District of California

# Exhibit 2

**Exhibit 2**

*Symantec Securities Litigation*
**Toll-Free Number:  1-800-949-0206**
**Email:  info@SymantecSecuritiesLitigation.com**
**Website:  www.SymantecSecuritiesLitigation.com**

# PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the address below, or submit it online at www.SymantecSecuritiesLitigation.com, with supporting documentation, *postmarked* **(or received) no later than 28 days after final approval of the Settlement.  This deadline may be as early as March 10, 2022**.

- The Settlement website, www.SymantecSecuritiesLitigation.com, will be updated to inform Class Members when the Settlement is approved, if that occurs, and the final claim filing deadline.

## Mail to:

*Symantec Securities Litigation*
**c/o A.B. Data, Ltd.**
**P.O. Box 173106**
**Milwaukee, WI 53217**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive a payment from the Settlement.

**Do not mail or deliver your Claim Form to the Court, Lead Counsel, Defendants' Counsel, or any of the Parties to the Action.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | **2** |
| **PART II – SCHEDULE OF TRANSACTIONS IN SYMANTEC COMMON STOCK** | **3** |
| **PART III – RELEASE OF CLAIMS AND SIGNATURE** | **4** |
| **INSTRUCTIONS AND CHECKLIST** | **5** |

# PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's Name

First Name                                                    Last Name

Joint Beneficial Owner's Name (*if applicable*)

First Name                                                    Last Name

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (*e.g.*, Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

City                                                State/Province    Zip Code

Foreign Postal Code (if applicable)              Foreign Country (if applicable)

Telephone Number (Day)                           Telephone Number (Evening)

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim)

**Type of Beneficial Owner:**

Specify one of the following:

☐ Individual(s)      ☐ Corporation      ☐ UGMA Custodian      ☐ IRA

☐ Partnership        ☐ Estate           ☐ Trust               ☐ Other (describe: _____)

## PART II – SCHEDULE OF TRANSACTIONS IN SYMANTEC COMMON STOCK

Please provide the requested information on your holdings and trading of Symantec common stock.  During the Class Period, the Symantec common stock traded on the NASDAQ under the symbol **SYMC**, CUSIP: 871503108.  On November 5, 2019, after the Class Period, Symantec became NortonLifeLock Inc. and its symbol became NLOK.  Please include proper documentation with your Claim Form as described in the Instructions, ¶ 4 on page 6 below.

**1. HOLDINGS AS OF MAY 11, 2017** – State the total number of shares of Symantec common stock held as of the opening of trading on May 11, 2017.  (Must be documented.)  If none, write "zero" or "0."
_____

**2. PURCHASES/ACQUISITIONS FROM MAY 11, 2017 THROUGH AUGUST 2, 2018** – Separately list each purchase or acquisition of Symantec common stock from after the opening of trading on May 11, 2017 through and including the close of trading on August 2, 2018.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase Price Per Share | Confirm Proof of Purchase Enclosed |
|---|---|---|---|
| /    / | | $ | ○ |
| /    / | | $ | ○ |
| /    / | | $ | ○ |
| /    / | | $ | ○ |

**3. PURCHASES/ACQUISITIONS FROM AUGUST 3, 2018 THROUGH OCTOBER 31, 2018** – State the total number of shares of Symantec common stock purchased or acquired from August 3, 2018 through the close of trading on October 31, 2018.  If none, write "zero" or "0." _____

| **4. SALES FROM MAY 11, 2017 THROUGH OCTOBER 31, 2018** – Separately list each sale or disposition of Symantec common stock from after the opening of trading on May 11, 2017 through and including the close of trading on October 31, 2018.  (Must be documented.) | **IF NONE, CHECK HERE** ○ |
|---|---|

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Confirm Proof of Sale Enclosed |
|---|---|---|---|
| /    / | | $ | ○ |
| /    / | | $ | ○ |
| /    / | | $ | ○ |
| /    / | | $ | ○ |

| **5. HOLDINGS AS OF OCTOBER 31, 2018** – State the total number of shares of Symantec common stock held as of the close of trading on October 31, 2018.  (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ○ |
|---|---|

**IF YOU NEED ADDITIONAL SPACE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.** ☐

## PART III - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 5 OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) (the claimant(s)') current and former heirs, executors, administrators, predecessors, successors, officers, directors, agents, parents, affiliates, subsidiaries, employees, attorneys, assignees, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all of the Released Plaintiff's Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting, commencing, instituting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any or all of the Released Plaintiff's Claims against any of the Defendants' Releasees.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.     that I (we) have read and understand the contents of the Settlement Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.     that the claimant(s) is a (are) Class Member(s), as defined in the Settlement Notice, and is (are) not excluded by definition from the Class as set forth in the Settlement Notice;

3.     that the claimant(s) did *not* submit a request for exclusion from the Class;

4.     that I (we) own(ed) the Symantec common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.     that the claimant(s) has (have) not submitted any other claim covering the same purchases of Symantec common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.     that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7.     that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

8.     that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this claim, and waives any right of appeal or review with respect to such determination;

9.     that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.    that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the claimant(s) is (are) exempt from backup withholding or (ii) the claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the claimant(s) that he, she, or it is no longer subject to backup withholding.  **If the IRS has notified the claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____                    _____
Signature of claimant                                                                              Date

_____
Print claimant name here

_____                    _____
Signature of joint claimant, if any                                                          Date

_____
Print joint claimant name here

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____                    _____
Signature of person signing on behalf of claimant                               Date

_____
Print name of person signing on behalf of claimant here

_____
Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of claimant – see ¶ 7 on page 6 of this Claim Form.)

## INSTRUCTIONS AND CHECKLIST

1.     **Submission of this Claim Form does not guarantee that you will be eligible to receive a payment from the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Settlement Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

2.     Use the Schedule of Transactions on page 3 of this Claim Form to supply all required details of your transaction(s) in, and holdings of, common stock of Symantec Corporation ("Symantec"). On this schedule, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Symantec common stock (including free transfers and deliveries), whether such transactions resulted in a profit or a loss.  **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

3.     **Please note**:  Only publicly traded Symantec common stock purchased during the Class Period (*i.e.*, from May 11, 2017 through August 2, 2018, inclusive) is eligible under the Settlement. However, sales of Symantec common stock during the period from August 3, 2018 through and including the close of trading on October 31, 2018, will be used for purposes of calculating your claim under the Plan of Allocation.  Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase and sale information during this period must also be provided.

4.     You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Symantec common stock as set forth in the Schedule of Transactions on page 3 of this Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in Symantec common stock.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, do not highlight any portion of the Claim Form or any supporting documents.**

5.     Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of the Symantec common stock.  The complete name(s) of the beneficial owner(s) must be entered.  If there were joint beneficial owners, each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.

6.     **One Claim should be submitted for each separate legal entity or separately managed account.**  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, an individual should not combine his or her IRA holdings and transactions with holdings and transactions made solely in the individual's name).  Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form.  However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account.  The Claims Administrator reserves the right to request information on all the holdings and transactions in Symantec common stock made on behalf of a single beneficial owner

7.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)     expressly state the capacity in which they are acting;

(b)     identify the name, account number, last four digits of the Social Security Number (or taxpayer identification number), address, and telephone number of the

beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Symantec common stock; and

(c)    furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

8.    By submitting a signed Claim Form, you will be swearing that you:

(a)    owned the Symantec common stock you have listed in the Claim Form; or

(b)    are expressly authorized to act on behalf of the owner thereof.

9.    By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

10.    If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing.  The claims process will take substantial time to complete fully and fairly.  Please be patient.

11.    **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

12.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Settlement Notice, you may contact the Claims Administrator, A.B. Data, Ltd., at the above address, by email at info@SymantecSecuritiesLitigation.com, or by toll-free phone at 1-800-949-0206, or you can visit the Settlement website, www.SymantecSecuritiesLitigation.com, where copies of the Claim Form and Settlement Notice are available for downloading.

13.    NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the ***mandatory*** electronic filing requirements and file layout, you may visit the Settlement website at www.SymantecSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at info@SymantecSecuritiesLitigation.com.  **Any file not in accordance with the required electronic filing format will be subject to rejection.**  The ***complete*** name of the beneficial owner of the securities must be entered where called for (*see* ¶ 7 above).  No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect.  **Do not assume that your file has been received until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@SymantecSecuritiesLitigation.com to inquire about your file and confirm it was received.**

## IMPORTANT:  PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM WITHIN 60 DAYS OF YOUR SUBMISSION.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CONTACT THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-800-949-0206.**

## REMINDER CHECKLIST

1.  Sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2.  Attach only *copies* of acceptable supporting documentation as these documents will not be returned to you.

3.  Do not highlight any portion of the Claim Form or any supporting documents.

4.  Keep copies of the completed Claim Form and documentation for your own records.

5.  The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days of your submission.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 1-800-949-0206.**

6.  If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address.  If you change your name, inform the Claims Administrator.

7.  If you have any questions or concerns regarding your claim, contact the Claims Administrator at the address below, by email at info@SymantecSecuritiesLitigation.com, or by toll-free phone at 1-800-949-0206, or you may visit www.SymantecSecuritiesLitigation.com.  DO NOT call Symantec or its counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL OR SUBMITTED ONLINE AT WWW.SYMANTECSECURITIESLITIGATION.COM, **POSTMARKED (OR RECEIVED) NO LATER THAN 28 DAYS AFTER THE COURT'S APPROVAL OF THE SETTLEMENT.**  The Settlement website, www.SymantecSecuritiesLitigation.com, will be updated to inform Class Members of the date of approval of the Settlement and the final claim filing deadline.  **THE CLAIM FILING DEADLINE MAY BE AS EARLY AS MARCH 10, 2022.**  IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

*Symantec Securities Litigation*
**c/o A.B. Data, Ltd.**
**P.O. Box 173106**
**Milwaukee, WI 53217**

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date before the deadline is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

#3029288

# Exhibit 3

Exhibit 3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SEB INVESTMENT MANAGEMENT AB, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SYMANTEC CORPORATION and GREGORY S. CLARK, <br><br> Defendants. | Case No.  3:18-cv-02902-WHA <br><br> ECF CASE <br><br> Dept.: Courtroom 12, 19th Floor <br> Judge: Honorable William Alsup |

**SUMMARY NOTICE OF (I) PROPOSED SETTLEMENT
AND PLAN OF ALLOCATION; (II) SETTLEMENT HEARING; AND
(III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**To:**  **All persons and entities that, during the period from May 11, 2017 to August 2, 2018, inclusive (the "Class Period"), purchased or otherwise acquired shares of the publicly traded common stock of Symantec Corporation ("Symantec") and were damaged thereby (the "Class").[1]**

**PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California, that the Court-appointed Class Representative, SEB Investment Management AB, on behalf of itself and the Court-certified Class, in the above-captioned securities class action (the "Action") has reached a proposed settlement of the Action with defendants Symantec Corporation, now known as NortonLifeLock Inc. ("Symantec") and Gregory S. Clark (collectively, "Defendants") for $70,000,000 in cash that, if approved, will resolve all claims in the Action.

A hearing will be held on February 10, 2022 at 11:00 a.m. Pacific Time, before the Honorable William Alsup, either in person at the United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom 12 - 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, or by telephone or videoconference (in the discretion of the Court) to determine:  (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and

---

[1] Certain persons and entities are excluded from the Class by definition and others are excluded pursuant to request.  The full definition of the Class including a complete description of who is excluded from the Class is set forth in the full Settlement Notice referred to below.

the releases specified and described in the Stipulation and Agreement of Settlement dated June 8, 2021 should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and payment of expenses should be approved.

Lead Counsel, which has been prosecuting the Action on a wholly contingent basis, has not received any payment of attorneys' fees for their representation of the Class and have advanced the funds to pay expenses necessarily incurred to prosecute the Action. Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 19% of the Settlement Fund, or $13.3 million, plus interest. In addition, Lead Counsel will apply for payment of Litigation Expenses in connection with the institution, prosecution, and resolution of the Action in an amount not to exceed $2.5 million. The total Notice and Administration Costs are estimated to be $415,000. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses. If the Court approves Lead Counsel's fee and expense application, and based on the current estimate of Notice and Administration Costs, the portion of the Settlement Fund that will be distributed to Class Members will be approximately $53,785,000, plus interest accrued.

**If you purchased or otherwise acquired Symantec common stock during the Class Period and are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Net Settlement Fund**. If you have not yet received the full printed Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Settlement Notice") and the Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *Symantec Securities Litigation*, c/o A.B. Data, P.O. Box 173106, Milwaukee, WI 53217, 1-800-949-0206, info@SymantecSecuritiesLitigation.com. Copies of the Settlement Notice and Claim Form can also be downloaded from the website for the Action, www.SymantecSecuritiesLitigation.com.

If you are a Class Member, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form ***online or postmarked* no later 28 days after the Court approves the Settlement. The deadline may be as early as March 10, 2022**. The Settlement website, www.SymantecSecuritiesLitigation.com, will be updated to inform Class Members of the approval of the Settlement, if and when that occurs. If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Class and wish to exclude yourself from the Class, you must submit a request for exclusion such that it is ***received* no later than January 13, 2022 at midnight**, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement or object to the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's application for attorneys' fees and payment of expenses, must be filed with the Court and delivered to Class Counsel and counsel for Defendants such that they are ***received* no later**

**than January 13, 2022 at midnight**, in accordance with the instructions set forth in the Settlement Notice.

       **Please do not contact the Court, the Clerk's office, Symantec, any other Defendants in the Action, or their counsel regarding this notice.  All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed the Claims Administrator or Class Counsel.**

       Requests for the Settlement Notice and Claim Form should be made to:

*Symantec Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173106
Milwaukee, WI 53217
1-800-949-0206
info@SymantecSecuritiesLitigation.com
www.SymantecSecuritiesLitigation.com

       Inquiries, other than requests for the Settlement Notice and Claim Form, may be made to Class Counsel:

**Bernstein Litowitz Berger & Grossmann LLP**
Jeremy P. Robinson, Esq.
1251 Avenue of the Americas
New York, NY 10020
1-800-380-8496
settlements@blbglaw.com

By Order of the Court

#3048616