UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SEB INVESTMENT MANAGEMENT AB, individually and on behalf of all others similarly situated,

Plaintiff,

v.

SYMANTEC CORPORATION and GREGORY S. CLARK,

Defendants.

No. C 18-02902 WHA

**ORDER RE MOTIONS TO SEAL**

Two motions to seal remain pending in this case. In the first, the parties seek to file a supplemental agreement to the class settlement under seal (Dkt. No. 403). In the second, class counsel seek to redact descriptions of their billing records filed in connection with their motion for attorney's fees (Dkt. No. 412). For the reasons that follow, the motions are **DENIED**.

The public has "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "This right is justified by the interests of citizens in keeping a watchful eye on the workings of public agencies." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted).

"Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point. A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard.

That is, the party must articulate compelling reasons supported by specific factual findings, that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. In turn, the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id*. at 1178–79 (cleaned up).

"What constitutes a compelling reason is best left to the sound discretion of the trial court. Examples include when a court record might be used to gratify private spite or promote public scandal, to circulate libelous statements, or as sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citations omitted).

The compelling reasons standard applies to most judicial records. *Id*. at 1098. But a good cause standard applies to sealing of documents that are unrelated or only tangentially related to the underlying cause of action. *Ibid*. "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).

Here, two motions to seal remain outstanding. In the first (Dkt. No. 403), the parties seek to file a supplemental agreement to the class settlement under seal. The agreement gives Symantec the right to terminate the settlement if requests for exclusion exceed the amount specified in the supplemental agreement. Because final approval of the settlement has already been granted (Dkt. No. 421), the opt-out threshold is no longer relevant and no compelling reason exists to justify sealing. Thus, the motion is **DENIED**.

In the second motion, class counsel seek to seal *all* the descriptions of billing time records submitted in connection with counsel's motion for attorney's fees (Dkt. No. 412). Counsel justify this by asserting that the records may reveal the identities of two employees whose identities have been kept hidden throughout this litigation (Robinson Decl. ¶ 4, Dkt. No. 412-1). This order is unpersuaded. Tellingly, counsel did not identify any specific time records — out of hundreds of pages of records — that place the employees' identities at risk.

The time records plainly identify the employees only as FE1 and FE2 (short for "Former Employee 1" and "Former Employee 2," respectively). Additionally, counsel broadly assert that the time records would reveal counsel's "litigation strategy, . . . including, for example, researching specific areas of the law and other privileged information" (*id*. at ¶ 3). This overbroad justification falls short of our Local Rules' requirements and falls short of good cause. *See* Civ. L.R. 79-5. Counsel again fail to identify any specific information that is privileged. The class deserves to know what justifications may exist for attorney's fees that are siphoned from their recovery. It was ill-advised to seek to seal these descriptions and the Court regrets that class members were unable to scrutinize the billing records before now. The motion to seal as to the billing records is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 10, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE